Judge Owsley
delivered the opinion.
This suit was brought by Gilly and Pryor to recover from Allen, upon an assignment to them of a note, executed by Gill and Bainbridge, and made payable to Allen.
The only question worthy of consideration, involves an enquiry into the sufficiency of the consideration of the assignment to charge Allen, the assignor.
It appears that Pryor and Gilly sold to Gill and Bain-baidge, goods, to the amount of the assigned note, and to secure, the payment, Gill and Bainbridge were to give them a note for the amount, with an approved endorser. That the assigned note was drawn by Gill and Bainbridge payable sixty days after date, and presented to Allen for his assignment, at the same time informing him that Pryor and Gilly would receive it with his endorsement. That Allen accordingly endorsed it, and it being presented to Gilly and Pryor was accepted by them in payment of the goods.
If, from this evidence, the law implies a liability in Allen upon his assignment, the judgment of the court below must be affirmed; if not, it must be reversed.
We think there exists a sufficient consideration to create a liability on Allen’s assignment, it is perfectly clear from the evidence, that, if the note with Allen’s assignment had not been accepted by Pryor and Gilly, they might have immediately sustained an action against Gill and Bain-bridge for the amount of the goods sold; but by the ac* ceptance of the note with the assignment, their right of action was suspended, until the note became payable. And it is, moreover, obvious, that, without the endorsement of Allen, the note would not have been accepted by Pryor and Gilly; so that, by Allen’s assignment, Pryor and Gilly were prejudiced by a delay of their right to sue until the *306 note became payable. — Such a prejudice, according to the principles of the common law, would, no doubt, form a sufficient consideration to pay the note, if it were not paid by the makers thereof: for it is well settled not to be necessary that the consideration of a promise should import a benefit again to the promisor; but it is sufficient that the person to whom the promise is made, foregoes some advantage or benefit, which be otherwise might have taken or had. or suffers some loss, in consequence of placing bis confidence in another’s undertaking. Powel on Contracts, 344.
An assign, or v ho re* ceives a ben-efíf for the as* signm^nt, is clearly liable if the maker, after due diligence.. is found unable to pay, and no reason occurs why the liability should not exist, if the assignee sustains a loss or disadvantage.
The statute offr udsdoes not apply to promises raised by implication of law.
If, therefore, at common law, an express promise made on such a cpnsideratioo, would be availing, no reason is perceived, why the law should not imply a promise from an assignment made on such a consideration.
It is well settled, that an assignment of an obligation, made in consideration of actual benefit received by the assignor, implies a promise by the assignor to pay the air.ount of the obligation, if, after the exercise of due and proper diligence, the amount cannot be collected from the maker; and the same reason requires, that aD assignment, made in consideration of a prejudice or loss to the assignee, should impose on the assignor the same liability. Wherever one person sustains a prejudice by the act of another, it is intrinsically just that the person causing the injury should make compensation for the loss: and to suppose that an assignment, made on such a consideration, imposes a liability oh the assignor, is supposing the law to imply n# greater a duty than the assignor is under a moral obligation to perform.
But, if the consideration be sufficent to create an implied undertaking by Allen, it is urged, that the promise of Allen is not in writing, and as it is not a promise to pay his own debt, hut the debt of Gdl and Bainhridge: under the statute against frauds and perjuries, Gilly and Pryor ought not to succeed in the present contest. Assuming, however, the piemises to he true, the conclusion will not thence necessarily follow. The liability ot Allen does not arise from any express promise of his, but it results from a promise which the law implies from the fact of his having assigned the note on a sufficient consideration, and the statute of frauds never has, and we suppose never ought to be construed to apply to such a promise. To admit such a promise to came within the provisions of that statute. *307 would not only do violence to what we suppose its face imports, but would be adopting a construction in direct hostility to every adjudication which has occurred in actions •n the assignment of writings.
Littell for plaintiff, B. TI¡rdin for defendant.
A majority of the court are, therefore, of opinion, Judge Mills dissenting, that the judgment must be affirmed with costs.
On rendering thisopiflion, the honorable Judge Mii.i.s, dissenting therefrom, delivered to the Reporter his dissent, as follows:
I dissent from the majority of the court in the decision •f this case, for the following reasons:
1. Because it shakes the authority of the case of Smallwood vs. Woods, l Bibb, 542. it is there held, and that for substantial reasons, that the action of assumpsit, to recover on the assignment of a note in favor of the assignee against the assignor, can he supported on the sole principle which authorises the recovery of money paid for a consideration which happens to fail. Such is also ex ressed to be the opinion of at least one judge, in Call’s reports, the case of Makee’s executors vs. Davis. If that be the only principle on which the action can be supported, it follows that no other consideration, consisting in loss and injury to the opposite party, can sustain the action, and tiiat where no valuable consideration is paid, none can be recovered on an assignment. This dissentient is unwilling to furnish, as he believes, the first precedent of a recovery on •tiser grounds, as he conceives this to he the first.
2. 1 he principles are well settled by the adjudications •n the statute of frauds and perjuries, especially that clause which relates to collateral promises: Tiial to hind one for the debt of another, it is necessary that the undertaking should be made at the moment that the original debt was contracted, and not afterwards; and that the promise of the party, who undertook collaterally, must be sole, and not joint, with the party, in w iose aid he came. It the person for whom he engaged is bound at all, the collateral promtssor cannot be bound. 2 Ld. Raym. 1085, 6 Mod. 243, Roo. on Frauds, 207, and cases cited in the succeed-itig pages. If these principles he correct, Allen, the plaintiff in error, cannot be bound at ail. For the assignment on which the action was founded was made long after, and •ol at the Ume Gill and Batubridge contracted. It was *308 made jointly with them, and they were in fact bound, and Oil I v and Pryor bad remedy against them. It was their debt. They were bound, and, according to settled adjudications, he could not be bound also, at the same moment, without an express promise in writing. Without the letter d spirit of the act, and without the adjudications, this case cannot be brought, by supposing that the liability of Allen is founded on an implied, and not an express promise. If he had made an express promise, it is admitted it would not bind him. A fortiori, an implied promise could not bind. What promise he communicated, by inference from bis acts, could not be more potent than plain speaking, and express promises The law implies a promise from actsfor the want of better proof of express engagement. Ought the better evidence to be made unavailing by the statute, and not the weaker also? Was it the design of the legislature to destroy the major, and leave the minor in full force? Il it is not on the ground of contract that Allen is made liable, assumpsit is not the proper action, but an action of tort. If assumpsit must be the action, it is totally destroyed by the statute in a case where the contract comes within the letter and spirit. If Allen is made liable, this dis-sentient conceives, that it is by charging him with the debt of Gill and Bainbridge, for which he undertook collaterally, and at a subsequent time, while they yet remained bound. And he respectfully suggests, that he does not conceive that any decisions on the assignment of notes will be affected by these principles, as he has been unable to find a case where a defendant has been made liable, who had not received an actual consideration paid, or where injury or loss to the opposite party was held to be the ground of his responsibility.